CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 30 2014

JULIA C. DUDLEY, CLERK
BY: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOSHUA J. HAIRSTON, <br> Petitioner, | Civil Action No. 7:13-cv-00472 |
| v. | MEMORANDUM OPINION |
| WARDEN OF WALLENS RIDGE STATE PRISON, <br> Respondent. | By: Hon. Michael F. Urbanski <br> United States District Judge |

Joshua J. Hairston, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, to challenge his incarceration for fatally shooting a man during a drug transaction. Respondent filed a motion to dismiss, and Petitioner responded, making the matter ripe for disposition. After reviewing the record, the court grants Respondent's motion because Petitioner is not entitled to relief.

## I.

On August 18, 2009, the Circuit Court of Floyd County sentenced Petitioner to forty years' incarceration after a jury found him guilty of second degree murder and using a firearm in the commission of murder. Petitioner's appeals to the Court of Appeals of Virginia and the Supreme Court of Virginia were unsuccessful.

Petitioner subsequently filed a pro se petition for a writ of habeas corpus with the Circuit Court of Floyd County. Petitioner argued that the prosecutor withheld evidence from the defense and the jury, the prosecutor improperly advised a witness about answering questions asked during trial, and the evidence at trial proved that Petitioner acted in self defense and did not owe the victim money. The Circuit Court of Floyd County appointed counsel to Petitioner but dismissed the habeas claims as procedurally barred by Slayton v. Parrigan, 215 Va. 27, 205

S.E.2d 680 (1974).[1]  Counsel's Anders[2] brief and Petitioner's pro se petition for appeal to the Supreme Court of Virginia both stated one assignment of error: the Circuit Court of Floyd County erred by dismissing the petition without holding an evidentiary hearing and by relying on incomplete trial transcripts.  The Supreme Court of Virginia permitted counsel to withdraw and denied the appeal as meritless.

Petitioner timely filed the instant federal petition, alleging the following claims:

1. The Circuit Court erred by:
    a. Suppressing the victim's statement to Petitioner about the victim's prior incarceration for killing someone;
    b. Suppressing photographs of the victim's bedroom showing a Klu Klux Klan photograph and a Confederate flag;
    c. Suppressing the victim's prior convictions for attempted assault, vehicular manslaughter, and obstruction of justice by force;
    d. Suppressing the victim's statement to Edward K. Schumann; and
    e. Admitting Petitioner's statements made during a DNA swab; and
2. The prosecutor's misconduct violated due process.

Respondent filed a motion to dismiss, arguing that Petitioner's claims do not warrant habeas relief because they do not present a federal question or are procedurally defaulted.  The court agrees.  Claims 1(a)-(d) do not relate to a violation of federal law, and thus, federal habeas relief cannot be granted for them.  Even if claim 1(d) related to a federal law, Petitioner failed to present it and claims 1(e) and 2 to the Supreme Court of Virginia, and thus, claims 1(d), 1(e), and 2 are procedurally defaulted.  Accordingly, Respondent's motion to dismiss must be granted.

---

[1] Slayton precludes a Virginia court from reviewing a non-jurisdictional claim in a petition for a writ of habeas corpus when that claim could have been presented at trial and on appeal but was not.

[2] See Anders v. California, 386 U.S. 738 (1967) (describing the necessary steps counsel must take to withdraw from representation when no meritorious appellate issue exists).

## II.
### A.

Claims 1(a)-(d) do not state a federal habeas claim. A federal court may grant habeas relief from a state court judgment "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Claims 1(a)-(d), which were not presented in state courts as federal due process violations, do not relate to a violation of federal law but instead concern the application of Virginia's law of evidence by Virginia's courts. See Moore v. Illinois, 408 U.S. 786, 799 (1972) (holding federal due process claim about the admission of a shotgun was not properly presented for federal habeas review because the federal due process issue was not argued in state courts); Grundler v. North Carolina, 283 F.2d 798, 802 (4th Cir. 1960) ("It is only in circumstances impugning fundamental fairness or infringing specific constitutional protections that a federal question is presented."). Accordingly, Petitioner is not entitled to federal habeas relief for claims 1(a)-(d) that allege violations of only state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (vacating the grant of habeas relief erroneously awarded to remedy evidence admitted in violation of state law); Hutchins v. Garrison, 724 F.2d 1425, 1437 (4th Cir. 1983) (recognizing the admissibility of evidence in state trials is a matter of state law and procedure and does not involve federal constitutional issues unless the evidence relates to mitigation for the death penalty).

### B.

Claims 1(d), 1(e), and 2 are procedurally defaulted. A federal court "may not grant a writ of habeas corpus to a petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court." Baker v. Corcoran, 220 F.3d 276,

288 (4th Cir. 2000); see O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Claims 1(a)-(c) are exhausted because Petitioner presented them to the Supreme Court of Virginia during direct appeal. However, Petitioner did not present claims 1(d), 1(e), and 2 to the Supreme Court of Virginia, and thus, these claims are not exhausted.[3]

Petitioner argues that he presented claims 1(d) and 1(e) to the Supreme Court of Virginia on pages six and five, respectively, of his pro se petition for appeal after counsel filed the Anders brief. However, claims 1(d) and 1(e) were not presented to the Supreme Court of Virginia as an assignment of error, and the Supreme Court of Virginia considers only those errors presented as an assignment of error. See Va. Sup. Ct. R. 5:17(c)(1)(i) ("Only assignments of error assigned in the petition for appeal will be noticed by this Court."). Even if Petitioner had hidden claims 1(d) and 1(e) in the middle of his pro se petition for appeal, the court "will not go further and determine whether the Virginia Supreme Court should have seen another claim in his filings." Mallory v. Smith, 27 F.3d 991, 996 (4th Cir. 1994). Consequently, claims 1(d) and 1(e) are not exhausted because Petitioner failed to properly present them to the Supreme Court of Virginia.

Although claim 2 was presented to the Circuit Court of Floyd County in the habeas petition, the habeas appeal to the Supreme Court of Virginia presented a different, single issue of whether the Circuit Court of Floyd County erred by relying on incomplete portions of the trial transcript and dismissing the habeas petition without holding an evidentiary hearing. Consequently, claim 2 is also not exhausted. See Whitley v. Bair, 802 F.2d 1487, 1500 (4th Cir. 1986) ("[F]ailure to appeal claims disposed of by a state habeas trial court constitutes a procedural bar to further federal review of such claims."); see also Yeatts v. Murray, 249 Va.

---

[3] Even if claim 1(d) had been presented, it did not describe a federal claim and would not be eligible for federal habeas relief. See supra Part II.A.

285, 290-91, 455 S.E.2d 18, 21 (1995) (holding that an assignment of error was not sufficient to challenge the habeas court's adverse ruling on the merits of claims when the assignment of error specifically challenged the habeas court's refusal to hold a evidentiary and incidentally referenced the habeas court's adverse ruling on the merits of claims).

"A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker, 220 F.3d at 288 (citing Gray v. Netherland, 99 F.3d 158, 161 (4th Cir. 1996)). Virginia Code § 8.01-654(B)(2), which prohibits successive petitions based on claims that could have been raised in a prior petition, and § 8.01-654(A)(2), which prohibits petitions filed beyond the limitations period, are both independent and adequate state procedural rules that bar Petitioner from presenting these unexhausted claims to the Supreme Court of Virginia.[4] See Mackall v. Angelone, 131 F.3d 442, 446 (4th Cir. 1997) (recognizing Virginia's bar on successive petitions qualifies as an adequate and independent state procedural rule to procedurally bar federal habeas review); O'Dell v. Netherland, 95 F.3d 1214, 1243 (4th Cir. 1996) (same for Virginia's statute of limitations for habeas petitions). Accordingly, claims 1(d), 1(e), and 2 are treated as exhausted and procedurally defaulted, and Petitioner does not demonstrate cause and prejudice or a fundamental miscarriage of justice to excuse their default.[5] See, e.g., Coleman v. Thompson, 501 U.S. 722, 753-54 (1991); Clagett v. Angelone, 209 F.3d 370, 378-79 (4th Cir. 2000).

---

[4] As noted by the Circuit Court of Floyd County, claim 2 would also be barred by Slayton v. Parrigan, 215 Va. 27, 205 S.E.2d 680 (1974). See Fisher v. Angelone, 163 F.3d 835, 844 (4th Cir. 1998) (recognizing Slayton constitutes an adequate and independent state law ground for decision).

[5] The record does not reflect that a fundamental miscarriage of justice occurred. Nonetheless, Petitioner presents an affidavit from Jeffrey Gibson to support his claim of self-defense. Gibson avers that the victim arranged to meet with Petitioner to "take back" what Petitioner's brother stole from him at an earlier drug transaction. Gibson

5

## III.

For the foregoing reasons, the court grants Respondent's motion to dismiss and dismisses the petition. Based upon the court's finding that Petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

ENTER: This 30th day of January, 2014.

/s/ Michael F. Urbanski
United States District Judge

---

also discusses how the prosecutor said she would ask about his efforts to resuscitate the victim and instructed Gibson to answer questions directly and not discuss other details.

However, Gibson testified for the defense during trial, saying that the victim was agitated and angry and boasted how he would get his money back even if he had to give Petitioner an "ass-whooping." Tr. at 342, 348-51. Another witness also testified that the victim was upset about being cheated and was going to meet Petitioner to get the money he was owed. Id. at 123-25, 130-31. Petitioner testified to fatally shooting the victim in self defense after the victim brandished a knife, poked Petitioner's driver in the chest, threw the knife across the room, put a finger in Petitioner's face, and slapped Petitioner. Id. at 391, 394-95, 398-99, 402-06, 409. Counsel stressed self defense in closing argument, the jury was instructed on self defense, and the jury convicted Petitioner of second-degree murder instead of first-degree murder. The court does not re-determine the credibility of witnesses and, in light of the record, cannot find that a fundamental miscarriage of justice occurred.